ANDREW J. NELSON
MUDD NELSON, P.C.
257 W. Front St., Suite A
P.O. Box 8154
Missoula, MT 59807-8154
Tel: (406) 549-5468
Fax: (406) 549-5469
andy@muddnelson.com

*Attorney for Defendant Moorse*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>**DAVID ALLEN MOORSE and,**<br>**MICHAEL DAVID WEST WISDOM**<br><br>Defendants. | CR 07-14-M-DWM<br><br><br>**DEFENDANT MOORSE'S**<br>**SENTENCING MEMORANDUM** |
|---|---|

Defendant DAVID ALLEN MOORSE provides the following memorandum in support of his sentencing arguments:

**I. Presentence Investigation Report**

Moorse requests that the Court adopt the facts as related in the Presentence Investigation Report ("PSR").

**II. Credit for Time Served in Federal Custody**

18 U.S.C. § 3585 addresses the calculation of a term of imprisonment. Subsection (b)

provides for credit for time served that has not been credited to another sentence:

> (b) **Credit for prior custody**. – A defendant shall be given credit toward the sentence of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

As related in the addendum to the revised PSR, Moorse has objected to the PSR's calculation of zero days jail credit. Moorse is charged with felony criminal mischief, as noted in ¶ 46. However, the PSR incorrectly claims that Moorse was scheduled for a change of plea hearing in the Missoula County District Court on November 21, 2007. That hearing was merely a status hearing. Moorse continues to adamantly deny the allegations in the Missoula County prosecution and has not entered a plea to the charge. A trial date has not been set. The pending Missoula County charge has not been considered in the calculation of Moorse's criminal history in this case because Moorse has not been convicted of the offense.

Moorse was indicted on March 8, 2007. He was taken into custody on March 21, 2007 in relation to the state criminal mischief charge. Thereafter, he was transferred to federal custody pursuant to a Writ of Habeus Corpus on June 28, 2007. Moorse was arrested on the state charge after commission of the instant offense and the time spent in official detention has not been credited against another sentence. There is no other sentence against which that time could be credited. As provided in 18 U.S.C. § 3585(b)(2), he should receive credit for time served in official detention prior to the date the instant sentence commences.

The PSR addendum observes that the Bureau of Prisons makes the final determination of credit for time served. However, the Court can make recommendations to the Bureau of Prisons

regarding credit for time served which would be contained in the criminal judgment.  In the alternative, this Court could impose a reasonable sentence that reflects credit for time served, thereby eliminating the possibility that the Bureau of Prisons could misinterpret and misapply 18 U.S.C. § 3585(b).  To challenge the Bureau's calculation, Moorse would have to file a petition for a writ of habeus corpus in the district of incarceration.  See  28 U.S.C. § 2241.  Such an action would be expensive, time-consuming, and unnecessary given that 18 U.S.C. § 3585(b) requires credit for time served in federal custody that has not been credited to another sentence.

### III.  Character Letters

Several individuals have indicated their intent to provide letters on Moorse's behalf to inform the Court's sentencing determination.  To date, counsel has not received those letters.  Should those letters become available prior to the sentencing hearing they will be filed as attachments to this memorandum.

Respectfully submitted this 30th day of November, 2007.

/s/ Andrew J. Nelson
Andrew J. Nelson
MUDD NELSON, P.C.
Attorney for Defendant