United States District Court
for the
District of Montana

**FILED**
MAY 13 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

Petition for Warrant or Summons for Offender Under Supervision

**David Alan Moorse**                                    CR 07-14-M-DWM-01

| | |
|---|---|
| Sentencing Judicial Officer: | Donald W. Molloy |
| Date of Original Sentence: | December 7, 2007 |
| Original Offense: | Unlawful User of Controlled Substance in Possession of a Firearm |
| Offense Code: | 18 U.S.C. § 922(g)(3) |
| Original Sentence: | 30 months custody/36 months supervised release |
| Type of Supervision: | Supervised Release |
| Date Supervision Commenced: | October 16, 2009 |

Assistant U.S. Attorney:                                Defense Attorney (Appointed/Retained)

Ms. Paulette L. Stewart                           Mr. Andrew J. Nelson (appointed)
901 Front Street, Suite 1100                    P.O. Box 9380
Helena, MT 59626                                   Missoula, MT 59807
406-457-5120                                          406-721-6749

---

**PETITIONING THE COURT**

X   To issue a Warrant

☐   To issue a Summons

**Background**

On December 7, 2007, the defendant appeared before United States District Judge Donald W. Molloy, having pled guilty to the offense of Unlawful User of Controlled Substance in Possession of a Firearm. On August 29, 2005, Richard Meissinger contacted the Missoula County Sheriff's Office and reported his Glock, model 19, 9 millimeter caliber pistol, with serial number KG722US, was stolen from his vehicle while it was parked at the Blue Mountain Recreation area, near Missoula, Montana. Investigation revealed that the defendant and Michael Wisdom had stolen the firearm out of a vehicle parked at Blue Mountain Recreation area. The firearm was later turned in to law enforcement after Barry Metzker found the firearm in his son's bedroom. Both Moorse and Wisdom admitted to using marijuana during the time the possessed the stolen firearm. The defendant pled guilty and was sentenced to 30 months custody, followed by 36 months supervised release. He signed the terms of his supervision on October 19, 2009.

Petition for Warrant or Summons for Offender Under Supervision
Name of Offender: David Alan Moorse
Page 2.

Since that time, the probation officer believes the offender has violated the following condition(s) of supervision:

| | |
|---|---|
| Violation No. 1 | Standard Condition #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controller substances, except as prescribed by a physician. |
| Violation No. 2 | Standard Condition #6: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. |

Nature of Noncompliance: The defendant tested positive for the use of marijuana on March 31, 2010.

A noncompliance hearing was held on April 8, 2010, with the defendant, this officer, and SUSPO Thomas M. Holter to address noncompliance. At that time, the defendant admitted to smoking marijuana with some friends while they were out folfing. It was determined at that time the defendant would start over in the phase testing program and start counseling at Courage to Change. He was also told that he was to stay only at his sister's residence and nowhere else. Since that time, the defendant has continued to test positive for marijuana, with his first negative test on May 10, 2010. Because this seemed inconsistent with his story, an analysis was requested of Alere/Kroll Laboratories. Following is their opinion of May 10, 2010:

> "It is my opinion that this offender reused marijuana prior to the collection on 4/7/10 and 4/21/10. I base this opinion on social use, the increase in the normalized level of drug present in the urine specimen collected on 4/7/10 and 4/21/10, and a urine half life of 48 hours."

On May 11, 2010, a home visit was conducted. The defendant was not present, and this officer was advised the defendant had not stayed at the residence for several days. It was also discovered that the defendant had quit his job working for his brother-in-law and started working somewhere else. He had not notified this officer of the change. Attempts to contact him were unsuccessful. In an attempt to locate him, contact was made with his State probation officer. She said the defendant had been in her office shortly before my call. She advised that he had not submitted a urine test for her because he told her he had to go submit a urine test for phase testing. There were no urine tests given on May 11, 2010.

Petition for Warrant or Summons for Offender Under Supervision
Name of Offender: David Alan Moorse
Page 3.

### AFFIDAVIT AND PETITION PRAYING THAT THE COURT WILL ORDER A WARRANT BE ISSUED

In conformance with the provision of 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge. Based on the information presented that the offender has violated conditions of supervision, I am petitioning the Court to issue a Warrant.

Reviewed by:

_____  5/14/10
Thomas M. Holter
Supervising United States Probation Officer

_____
Amy J. Jansen
United States Probation Officer

### ORDER OF COURT

I find there is probable cause to believe the offender has violated conditions of supervision, supported by the above affirmation given under penalty of perjury. The Court orders the issuance of a Warrant. Considered and ordered this ___ day of _____ 2010, and ordered filed and made a part of the records in the above case.

_____
Donald W. Molloy
United States District Judge